UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY FRED KARGULA,
    Plaintiff,

v.                                                           Case No.:

GILBERT FLOORING INC. dba
CARPET ONE FLOOR & HOME and
GARY L. GILBERT,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Gregory F. Kargula, by and through his undersigned counsel, and sue the Defendant, Gilbert Flooring, Inc. dba Carpet One & Flooring, and allege as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and other causes of actions to recover unpaid back wages, an additional equal amount as liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216 and 28 USC §1331. Supplemental jurisdiction of Plaintiff's state law claims is conferred by 28 U.S.C. §1367, as Plaintiff's state and federal claims arise out of a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1331(b) as the events or omissions having rise to the claims alleged herein occurred in the Middle District of Florida, Ocala, Division.

**PARTIES**

4. At all times material hereto, Plaintiff, Gregory F. Kargula was, and continues to be a resident of Sumter County, Florida.

5. At all times material hereto Defendant Gilbert Flooring, Inc. dba Carpet One & Flooring, was, and continues to be a Florida corporation in the retail business. Further, at all times material hereto, Defendant Gilbert Flooring, Inc. dba Carpet One & Flooring, was, and continues to be, engaged in business in Marion County, Florida.

6. At all times material hereto Defendant Gary L. Gilbert is sued in his individual capacity and resides in Marion County, Florida, is over the years of 18 age and upon belief is sui juris. At all times relevant Gary L. Gilbert was an officer and owner, of Gilbert Flooring, Inc. dba Carpet One & Flooring, and at all times material acted directly in the interest of Gilbert Flooring, Inc. dba Carpet One & Flooring, in relation to plaintiff's employment. Gary L. Gilbert supervised plaintiff, set plaintiff's work hours, set plaintiff's rate of pay, as well as exercised significant control over the company's day-to-day operations and is an employer as defined by the 29 USC §203(d).

7. Upon information and belief Gary L. Gilbert had the authority to hire and fire Gregory F. Kargula and had the responsibility to maintain employment records. In fact it was Gary L. Gilbert that set Gregory F. Kargula's rate of pay, and it was Gary L. Gilbert that decided not to pay Gregory F. Kargula his proper wages and/or overtime while employed with Gilbert Flooring, Inc. dba Carpet One & Flooring.

8. At all times material hereto, Defendants were and continues to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material hereto, Plaintiff is an "employee" of Defendants within the meaning of FLSA.

10. At all times material hereto, Plaintiff was covered, non-exempt employees of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e).

11. At all times material hereto, Defendants were an "employer" within the meaning of FLSA, 29 U.S.C. §203(a) and (d).

12. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendant, Gilbert Flooring, Inc. dba Carpet One & Flooring, was in excess of $500,000.00 per annum during the relevant time periods.

13. The work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. Plaintiff provided Defendants with written notice of the violations including misclassification as an exempted employee, being required work pre-and post- shift, and working late hours which was not properly compensated. Ex. A

## STATEMENT OF FACTS

13. In or about January 13, 2019, Plaintiff, Gregory F. Kargula , was hired by Defendants as flooring salesperson. Plaintiff's duties primarily involved design and retail of flooring in Defendants' store, and general retail activities to Defendant's customers.

3

14. Plaintiff worked for Defendant as "non-exempt" employee under the FLSA but was paid an hourly rate of $14.42.

15. Additionally, Plaintiff worked for Defendants but did not receive pay at the rate of at least one and one-half times for all his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

16. All records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants or Defendants' agent(s) control, and therefore, Plaintiff is unable to state at this time the exact amount due them.

17. Plaintiff, would be required to work six days of the week for eight hours but was only compensated for forty (40) hours the majority of his workweeks for Defendants.

18. Defendants' or Defendants' agent(s) would require set times to be placed on Plaintiff's timecards that reflected different hours than what was actually performed by Plaintiff.

19. Plaintiff has retained the undersigned attorney and is obligated to pay undersigned a reasonable fee for her services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

20. Plaintiff re-alleges and reavers paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. From at least January 2019, and continuing through on or about February 28, 2020, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

22. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half

times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

24. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

26. Defendants' agent(s) intentionally altered Plaintiff's time records, and/or refused to permit Plaintiff to document his all of work hours to reflect improperly all hours worked by Plaintiff for Defendants.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. Plaintiff, by and through counsel, communicated in writing to Defendants and demanded proper compensation of overtime from Defendants prior to commencing this case with no success.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendants:

    a. Declaring the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per work week;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorney's fees, post judgment interest, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);and

  e. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Gregory F. Kargula demands trial by jury of all issues triable as of right by a jury.

DATED this __7__ day of December 2020.

Respectfully submitted,

**RIGGINS LAW FIRM, P.A.**
/s/Danialle Riggins, Esq.
**DANIALLE RIGGINS, ESQ.**
Florida Bar No. 0013909
211 NW Third Street
Ocala, Florida 34471
(352) 433-2400 – Office
(352) 390-6435- Fax
Driggins@Rigginslawfirm.com
Attorney for Plaintiff



November 9, 2020

GILBERT FLOORING, INC.
d/b/a CARPET ONE FLOOR & HOME
Mr. Gary L. Gilbert
1609 SW 17th Street
Suite 500
OCALA, FL 34471

**VIA U.S. MAIL**

Matter:    Unpaid Wages: Overtime Violations

To Whom it May Concern,

Please be advised that I have been retained by Thomas K. Kargula with regard to his employment-related concerns.

As you know, Mr. Kargula worked diligently for you as a Flooring Salesman. He professionally and vigorously performed his duties. Mr. Kargula has described a set of facts that lead me to conclude that both state and federal labor and employment law violations have taken place:

1.    Fair Labor Standards Act (FLSA): Unpaid Overtime Wages.

As mentioned previously, Mr. Kargula carried the title of Flooring Salesman for Gilbert Flooring, Inc., from the inception of his employment in January 2019. He was paid a hourly rate of $14.00 per hour to compensate him for the tasks delegated to his position. He has described his daily primary duties as assisting customers in their selection of flooring and finalizing customer purchases.

Mr. Kargula infrequently made any commissions. However, when commissions were earned, his commissions did not equal more than one half of his total earnings in a representative period. Therefore, he is not subject to the FLSA overtime exemption and is entitled to overtime pay. Based upon the information provided to me, my client would have to work 6 (six) days a week but was only permitted to report and was paid for 40 hours. There is also an email from Mr. Gilbert that instructed my client to changes his timesheet as the employer was only giving them overtime on a certain occasion.

www.Rigginslawfirm.com

Ex. A



The FLSA does provide exemptions for select employees who are not entitled to overtime wages in a retail establishment. It is our impression that Mr. Kargula did not fall into this category. As a result, you have misclassified him as exempt since January 2019. Brief descriptions of the exemptions are as follows:

1. the employee must be employed by a retail or service establishment, and
2. the employee's regular rate of pay must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked, and
3. more than half the employees' total earnings in a representative period must consist of commissions.

The Flooring Salesman does not qualify for the Section 7(i) exemption because more than half of Mr. Kargula's total earnings did not consist of commissions. While Mr. Kargula did earn a minimal amount of commission during his employment, he did not earn nearly enough to be deemed exempt under FLSA.

Mr. Kargula worked within the normal operational hours of 9:00am to 5:00pm Monday-Friday. In addition, he worked on Saturdays from 9:00am to 4:00pm. Yielding an average of 46 working hours per week.  I do learn that at one point you hire an additional employee to assist the overtime, but this was short lived.

Based upon our calculations, Mr. Kargula is owed in a minimum of unpaid overtime wages at approximately $3,717.00. We based this on his regular rate of pay being $14.00 per hour. Hence his overtime rates would be $21.00 per hour for the average 7.5 hours of overtime work performed each workweek. There are 14 workweeks at this time we can account for. From our records, he worked at least 177 additional overtime hours over the course of his employment. Consequently, we are seeking damages for all hours worked over forty.

In an action for unpaid wages, please know that we will seek damages, attorney's fees and cost and liquidated damages (double). You should consider this as a demand for:

**Payment of the $10,500 inclusive of attorneys' fees and cost.**



I am writing this letter to underscore the seriousness with which Mr. Kargula takes this matter. I look forward to hearing from you to discuss this matter further. I hope this matter can be resolved without resorting to further legal remedies. Please know that a lawsuit will commence on or around November 25, 2020

Sincerely,

Danialle Riggins, Esq.
Because People Matter. . .

cc: Edwin Trip Green, Esq.