# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**GREGORY FRED KARGULA,**

    Plaintiff,

v.                                                                           Case No: 5:20-cv-586-JSM-PRL

**GILBERT FLOORING INC. and**
**GARY L. GILBERT,**

    Defendants.

_____

## ORDER

This matter is before the Court on Defendants' motion to set aside Clerk's default. (Doc. 18). Pursuant to Federal Rule of Civil Procedure 55(c), Defendant asks the Court to set aside the default entered by the Clerk in this case on January 8, 2021. (Doc. 7).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause" shown the court may set aside an entry of default. The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* at 951.

Plaintiff filed this action on December 7, 2020. (Doc. 1). Defendants were served with a copy of the complaint and summons on December 11, 2020. (Docs. 4, 5). On January 7, 2021, Plaintiff filed a motion for entry of Clerk's default. (Doc. 6). The next day, the Clerk

entered default against the defendants. (Doc. 7). Defendants delayed giving the pleading documents to counsel, but on January 12, 2021, Defendants filed an Answer and affirmative defenses to the Complaint. (Doc. 8). The Court issued an FLSA Scheduling Order on January 21, 2021. (Doc. 9). The parties have followed the scheduling order and the case has moved forward as if there had been no Clerk's default entered. Defendants' counsel asserts that on May 10, 2021, he realized that neither party had moved to set aside the Clerk's default.

Defendants note that Plaintiff is opposed to the motion, however, because Plaintiff has been litigating this case and complying with the Court's scheduling order, there is no risk of prejudice. Given the strong policy of determining cases on their merits, the lack of prejudice to Plaintiff, and Defendants' potentially raising meritorious defenses to Plaintiff's allegations in the Complaint, Defendants have made a showing of good cause and setting aside the Clerk's default is warranted.

Accordingly, Defendants' motion to set aside the Clerk's default (Doc. 18) is **GRANTED** and the Clerk's default entered against the defendants on January 8, 2021 (Doc. 7) is **SET ASIDE**.

**DONE** and **ORDERED** in Ocala, Florida on May 13, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties